ZABAWA *v.* ESHENROEDER.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—LIABILITY—DAMAGES.

Consideration of questions raised as to damages is not necessary where determination is made that defendant was not liable.

2. SAME—NEGLIGENCE OF MINOR DECEDENT.

No ruling is made as to possible excuse of the negligence of 14-year-old decedent, a bicyclist, by reason of his age and

---

* See Act No. 328, § 316, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–316, Stat. Ann. § 28.548).—REPORTER.

† See Const. 1908, art. 2, § 16.—REPORTER.

Contributory negligence of 14-year old bicyclist as a matter of law, see 2 Restatement, Torts, § 283, comment e, 464; standard of conduct to which plaintiff must conform, § 283, comment e, 284, 285, 463, 464.

experience where such question does not appear to have been raised.

3. AUTOMOBILES — BICYCLES — NEGLIGENCE — CONTRIBUTORY NEGLI-
GENCE AS MATTER OF LAW.
   In action under death act by administrator of estate of 14-year-old westbound bicyclist who was killed while making a left turn without warning of intention to do so when hit by defendant's car which approached from rear and was on southerly portion of road, plaintiff would not be entitled to recover even if defendant were guilty of negligence where plaintiff's decedent was guilty of negligence as a matter of law under the facts and circumstances disclosed (3 Comp. Laws 1929, § 14061, as amended by Act No. 297, Pub. Acts 1939).

4. EXECUTORS AND ADMINISTRATORS—DEATH ACT—DAMAGES.
   An administrator cannot recover damages under the death act, as amended, where the decedent would not have been able to do so had he been living (3 Comp. Laws 1929, § 14061, as amended by Act No. 297, Pub. Acts 1939).

Appeal from Monroe; Golden (Clayton C.), J. Submitted October 4, 1945. (Docket No. 36, Calendar No. 43,146.) Decided March 4, 1946.

Case by Louis F. Zabawa, administrator of the estate of Robert F. Zabawa, deceased, against Ward Eshenroeder for damages caused by death of plaintiff's decedent. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Affirmed.

*William H. Fallon,* for plaintiff.

*Cary & BeGole* (*L. J. Carey* and *George J. Cooper,* of counsel), for defendant.

REID, J. This action of trespass on the case is brought by plaintiff as administrator of the estate of his deceased son, Robert F. Zabawa, to recover damages for fatal injuries sustained by decedent on

August 17, 1944, by reason of being struck by an automobile owned by defendant and operated by defendant's wife. The case was tried by a jury, which rendered a verdict in the sum of $2,965 for plaintiff. The case had been submitted to the jury on a ruling reserved under the Empson act, 3 Comp. Laws 1929, § 14531, as amended by Act No. 44, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14531, Stat. Ann. 1944 Cum. Supp. § 27.1461), as to motion for a directed verdict. A motion for a judgment for defendant *non obstante veredicto* was made after the verdict was returned. That motion was granted by the trial judge. From the judgment, plaintiff appeals.

About 10:30 a. m., August 17, 1944, decedent, aged 14, was riding on and propelling a bicycle in a westerly direction on Ida-West road in Monroe county. Decedent's brother Paul, aged 13, was riding on the cross bars of the bicycle. Also on the bicycle was a cheese box, a lunch box, and some fishing equipment. The weather was clear and pavement dry. The road was too narrow for more than two automobiles to travel side by side. Jackman road connects with Ida-West road and leads south from it but does not cross Ida-West road.

Mrs. Eva Eshenroeder was driving defendant's car with his knowledge and consent in a westerly direction a quarter of a mile back of the boys when she first saw the bicycle. The automobile and the bicycle were then both on the north side of the road. Mrs. Eshenroeder testified that she sounded her horn when quite a distance from the bicycle, again when she was about 100 feet from it, that she then turned to the left and gave them the horn again when she was about 50 feet from them, and that when she got within 50 feet of the boys they swung over and she was completely on the south side of

the road, that the boys were zigzagging across the road and that they straightened up when she blew the horn the third time.

Witness Baker was driving a truck easterly on Ida-West road and he was between 200 and 250 feet west of the intersection of Jackman road when he first saw the bicycle and the automobile. He testified that at that time the bicycle was not over 100 feet east of the intersection and that the bicycle and automobile were very close together. He further testified that when the automobile was practically up with the bicycle, the bicycle swung over to the left and that the driver of the automobile turned her car with the bicycle, turning completely onto the south side of the pavement, but that the automobile was all on the pavement at the time of the collision. Witness Baker also testified that he did not see either of the boys on the bicycle make any observation for automobiles or traffic back of them before they turned and that he did not see the bicycle driver give any signal that he was going to make a turn.

As a result of the collision that occurred, decedent died the same afternoon. Paul Zabawa, the younger of the two boys, and the one who was riding on the cross bars, testified:

"I heard a horn and there wasn't even just the slightest moment of time before we was hit. * * * I don't know exactly where we were in reference to the center of the highway when I heard this horn. I don't know if we were still on the westbound portion of the highway. I know we were on our turn. We hadn't straightened out yet. I heard a horn, and that was the first time I knew that there might be traffic from the east going west behind us."

There is therefore a variance in some degree at least between the testimony of Paul Zabawa and that

of Mrs. Eshenroeder. It could be inferred from the. testimony of Paul Zabawa that Mrs. Eshenroeder did not sound her horn three times but only once and that a very brief moment of time before the impact.

Plaintiff in his brief urges that the trial court was in error in ruling:

"The surviving occupant of the bicycle heard the last horn signal, but he did not hear the earlier ones."

Plaintiff, relying on the rule that the credibility of the witnesses was within the sole province of the jury, claims the court was in error in assigning as one of his reasons for granting a motion for judgment notwithstanding the verdict that as a matter of law the driver of the automobile sounded the horn three times immediately preceding the collision as a signal that she intended to pass the bicycle. This claimed error was not stated in the questions involved.

Plaintiff stated three questions involved, the latter two of which pertain to damages. In view of the decision we arrive at that the court was justified in entering the judgment *non obstante veredicto* for defendant, it becomes unnecessary to consider any error as to the charge of the court as to measure of damages or the consequences upon plaintiff remitting a portion of an excessive award. Of the questions submitted by plaintiff, the sole remaining question for us to consider is whether the trial court erred in granting defendant's motion for a judgment of no cause of action notwithstanding the verdict on the ground that plaintiff's decedent was guilty of contributory negligence as a matter of law.

We make no ruling upon the question of a possible excuse of the negligence of decedent by reason of his age and inexperience for the reason that no such

question is raised. Assuming that there is testimony to support the claim that defendant's driver was guilty of negligence, such negligence if found would not of itself establish plaintiff's claim. Plaintiff's decedent was plainly guilty of contributory negligence as a matter of law under the facts and circumstances of this case. The decedent could not, if living, have recovered damages; consequently, the administrator of his estate cannot recover damages. See 3 Comp. Laws 1929, § 14061, as amended by Act No. 297, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14061, Stat. Ann. 1945 Cum. Supp. § 27.711).

Judgment for defendant is affirmed. Costs to defendant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, NORTH, and STARR, JJ., concurred.